(163 App. Div. 57)

FREES v. NATIONAL BEN FRANKLIN FIRE INS. CO. et al. (No. 204–105.)

(Supreme Court, Appellate Division, Third Department.   July 1, 1914.)

1. INSURANCE (§ 550*)—FIRE INSURANCE—AMOUNT OF LOSS—PROOF OF LOSS.
   The amount of a fire loss stated in proofs of loss is not conclusive on insured, but is strong evidence that his damages do not exceed that amount.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1359–1361; Dec. Dig. § 550.*]

2. INSURANCE (§ 646*)—FIRE INSURANCE—PROOF OF LOSS—BURDEN OF PROOF.
   Insured, suing on a fire policy and alleging that proofs of loss did not correctly state the amount by reason of a mistake in an adjustment by an agent of insurer and a third person acting for insured, has the burden of showing that the adjustment was not a just one, but was the result of a mistake.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1645–1668; Dec. Dig. § 646.*]

3. APPEAL AND ERROR (§ 1144*)—PROCEEDINGS AFTER REMAND.
   Where a mortgagee was made a party defendant in an action on a fire policy because of his refusal to sue on the policy, a judgment for plaintiff will not be disturbed on appeal because of any failure to direct payment to the mortgagee having a substantial interest, in the absence of any request by insurer or the mortgagee; but they may apply at Special Term for a modification as to payment to insured or mortgagee.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4479; Dec. Dig. § 1144.*]

4. APPEAL AND ERROR (§ 1144*)—PROCEEDINGS AFTER REMAND.
   Where, in an action on a fire policy, no request was made to apportion the loss between defendant and another insurer of the premises, the judgment for plaintiff will be affirmed on appeal with leave to defendant to apply for modification by a proper deduction on account of other insurance.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4479; Dec. Dig. § 1144.*]

   Lyon, J., dissenting.

Appeal from Trial Term, Chemung County.

Action by Chancey A. Frees against the National Ben Franklin Fire Insurance Company and another.   From a judgment for plaintiff and from an order denying a new trial on the minutes, defendants appeal. Affirmed with leave to apply for modifications.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

S. Mack Smith, of Binghamton, for appellants.

Miller & Stephens, of Ithaca (Friend H. Miller, of Ithaca, of counsel), for respondent.

JOHN M. KELLOGG, J.   The plaintiff resides in New York City and owned a building in Elmira, N. Y., which was insured by a standard policy against fire in the defendant insurance company.   The building was injured by fire, and plaintiff notified the company's agent at Elmira by writing and asked him to get Mr. Van Wie, a carpenter, to look over and estimate the loss.   Van Wie and the agent looked over

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the property, and Van Wie estimated the damage to be paid by the defendant at $148.12. The agent approved the figures, and proofs of loss were prepared and sent to the plaintiff in New York for execution. Upon a business trip the plaintiff came to Elmira, and the proofs were forwarded to him there. He called upon the agent, and they, with Van Wie, went to the premises, and he asked them if they had fairly considered everything. He then executed the proofs of loss, to which was attached an agreement signed by him and the mortgagee that they would accept that amount, and a receipt of the mortgage was attached, and the papers were left with the agent. Plaintiff then returned to the building and discovered that the loss was greater than Van Wie had computed, and that there were injuries by the fire and the water which Van Wie had not mentioned or considered and which were not mentioned in the proofs of loss. Within half an hour he telephoned to the agent that there was a mistake and not to forward the proofs, but received a reply that they had been forwarded. He then wrote the representative of the company a statement of the facts and requested a further appraisal to cover the entire loss, stating that he had not got an estimate on the additional damages but believed they would be at least $250, to which he received the reply that:

"Neither of the companies will do anything further in this matter except what they already have done."

The plaintiff proved the loss to be $700. The defendants offered no evidence, and the jury gave plaintiff a verdict for $375. The insurance company appeals from the judgment and the order denying its motion for a new trial.

A reversal is sought upon the ground that the amount of loss stated in the proofs of loss is conclusive, that plaintiff failed to furnish proofs of loss for the injury claimed, and that the amount of damages had been adjusted and plaintiff was concluded thereby, and also that the premises were incumbered, and that any loss was due to the defendant the Chemung Mutual Loan Association and not to the plaintiff.

[1] The amount of loss stated in the proofs of loss is strong evidence that the plaintiff's damages do not exceed that amount, but is not conclusive upon him. Miaghan v. Hartford Fire Ins. Co., 24 Hun, 58.

[2] The complaint practically concedes that the damages were agreed upon at the time the proofs of loss were made, but alleges the mistake and that the plaintiff immediately notified the defendant of the mistake and asked its correction, and that the defendant neglected to give it attention. We may assume that there was a mistake in the proofs of loss which did not fully state the amount nor the items of the plaintiff's damage. The defendant cannot claim that the plaintiff should have furnished new proofs of loss covering the additional items after it refused unqualifiedly to do anything further in the matter. If a mistake was made in the proofs, the defendant could not take advantage thereof after the plaintiff notified it of the mistake and desired a readjustment. The adjustment, however, cast upon the

plaintiff the burden of proof of establishing that the settlement was not a just one and that it was the result of a mistake.

[3] It is urged that a recovery cannot be had by the plaintiff and that only the defendant loan association, the mortgagee, had a substantial interest in the premises. The mortgagee was a party to the action. The complaint alleged that it had been requested to bring the action and had declined and for that reason it was made a defendant. If the defendants had deemed it important, they could have caused proper provisions to be inserted in the judgment with reference to the payment of the moneys. It does not seem necessary for the protection of the interest of the parties to make any correction of the judgment in that respect, as neither the mortgagee nor the insurance company brought that matter to the attention of the court below.

[4] At the trial no request was made to apportion the loss between the defendant insurance company and the other insurer of the premises. The judgment and order should therefore be affirmed, with costs, with leave to the appellant to apply at Special Term, upon facts shown, for such modification of the judgment as may be proper with reference to the payment of the damages to the plaintiff or to the mortgagee and with reference to a proper deduction, if any, on account of the other insurance upon the property. All concur, except LYON, J., dissenting.