■ PAUL A. DUNKEL & COMPANY, INC., et al., Appellants, v. INSURANCE COMPANY OF NORTH AMERICA, Respondent.— Order and judgment unanimously affirmed, with $50 costs to defendant. As regards the action by plaintiff Gregory, we do not agree with Special Term that the action is barred by the one-year limitation in the policy. We would incline to the holding that plaintiff's liability to Dunkel was not established until Dunkel entered judgment, which event was within the one-year period. Affirmance is predicated on the fact that no proof of loss of this claim was ever served. Plaintiffs contend that proof of loss was waived by the rejection of proof of loss on a prior claim. This contention would be valid if the two losses were of the same nature, arising out of the same occurrence or a recurring loss from the same facts (*Frees* v. *National Ben Franklin Fire Ins. Co.,* 163 App. Div. 57). Here the two claims were quite distinct. The first was for plaintiff's goods destroyed in an explosion. Defendant rejected the claim on the ground that plaintiff had increased the hazard. The second claim was for goods stored with plaintiff by Dunkel. As to these, defendant insured plaintiff's liability to Dunkel. As to this claim, an increase of the hazard might be no defense to plaintiff in a suit by Dunkel, nor to defendant in a suit by plaintiff. Even though both losses occurred through the same explosion, the rights and liabilities in respect to each were separate and distinct, and rejection of one might not imply an intent to reject the other. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.